U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR - 6 2018

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

TAMMY SUE JANICEK, §
§
Movant, §
§
VS. § NO. 4:17-CV-1012-A
§ (NO. 4:16-CR-136-A)
UNITED STATES OF AMERICA, §
§
Respondent. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Tammy Sue Janicek6 ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, its supporting memorandum, the government's response, the reply, and pertinent parts of the record in Case No. 4:16-CR-136-A, styled "United States of America v. Patrick Lee Graydon, et al.," the court has concluded that three of the grounds of the motion are meritless and should be denied, and that the fourth ground, while probably without merit, requires a hearing before a ruling can be made thereon.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On June 7, 2016, movant was named, along with Patrick Lee Graydon, inn a one-count information charging her with conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[1] 117. Peter Christian Smythe ("Smythe") was appointed to represent movant. CR Doc. 99. Smythe filed his entry of appearance of counsel on behalf of movant in which he acknowledged:

> I understand that it is my duty to continue to represent the named defendant in connection with all matters relating to this case, and in connection with all proceedings therein in this Court; to assist him/her with any appeal which he/she desires to perfect, and to represent him/her on appeal until a final judgment has been entered; unless and until, after written motion filed by me, I am relieved by Order of the Court.

CR Doc. 112.

On June 21, 2016, movant waived the filing of an indictment, CR Doc. 126, and entered a plea of guilty to the information. CR Doc. 125. Movant signed a factual resume setting forth the essential elements of the offense, along with stipulated facts supporting the offense and a description of the maximum penalties she faced. CR Doc. 127. The court placed movant under oath and engaged in an extensive plea colloquy. Movant stated that no one

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-136-A.

had made any promise or assurance of any kind to induce her to plead guilty. Further, movant stated her understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the PSR was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by her guilty plea; movant was satisfied with her counsel and had no complaints regarding her representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true and accurate. CR Doc. 192. The court determined that movant was fully competent and capable of entering an informed plea, that her plea was knowing and voluntary supported by an independent basis in fact containing each of the essential elements of the offense, and that such plea did not result from force, threats, or promises. Id. at 43.

According to the presentence report ("PSR"), movant was accountable for a total of 3.3 kilograms of methamphetamine based on multiple instances in which she obtained varying amounts from seven different sources. CR Doc. 133 at 6, ¶ 16. Her base-offense level was 32, with a two-level enhancement for possession of a firearm and a two-level enhancement because drugs were imported

from Mexico. Movant received a three-level reduction for acceptance of responsibility, for a total offense level of 33. Id. at 6-7. Her criminal history category was IV, resulting in a guideline range of 188-235 months. Id. at 11, ¶ 46; 17, ¶ 89. Movant filed objections, asserting that she had not received a copy of the PSR and that she objected to the firearm enhancement. CR Doc. 177. The probation officer admitted that the PSR had first been sent to movant's earlier place of confinement, but stated that a copy had been provided to her. The probation officer was not persuaded by the objection to the firearm enhancement. CR Doc. 142. The court reviewed the PSR and the objections and issued an order expressing the tentative conclusion that the objections lacked merit. CR Doc. 166.

At sentencing, movant persisted in her objection to the firearm enhancement and the court sustained her objection. Given an offense level of 31 and criminal history category of IV, movant's revised guideline range was 151-188 months. CR Doc. 193 at 23. Smythe highlighted mitigating information and movant gave her allocution. Id. at 24-26. The court pointed out that movant's counsel had been successful in getting her range reduced significantly. Id. at 26. The court sentenced movant to a term of imprisonment of 170 months. Id. at 27; CR Doc. 170. Movant did not appeal.

II.

## Grounds of the Motion

Movant urges four grounds in support of her motion, all based on alleged ineffective assistance of counsel. The grounds and supporting facts are as follows:

1. Failure to file direct appeal.

Immediately upon sentencing, Movant requested that her court appointed attorney, Mr. Peter Smythe, file a direct appeal. Movant had signed all appropriate documents needed to file the appeal and was under the impression that an appeal would be filed. It was never filed. In fact, said attorney recused himself after sentencing (see exhibit A).

2. Failure to advise client of insufficiency of charging instrument

The allegations in the charging instrument, an Information, that resulted in Movant's arrest are vague, fail to provide sufficient notice to her such that she may prepare a defense. Movant maintains that the information "merely trades the statutory language." It provides no details as to the specific agreement that the government intends to prove which is insufficient to state a cognizable conspiracy charge; that the Information does not describe in detail the specific components of the scheme and the Information does articulate with great specificity the motive and components of the count.

3. Failure of counsel to investigate and present to the Court mitigating circumstances, and to provide requisite adversarial support

The petitioner had presented information to counsel of her mother's passing that could have supplied the defendant w/ mitigating circumstances for the offense conduct. Counsel had refused to investigate the petitioner's upbringing, or any mental health illnesses

5

that would have possibly justified, or mitigated the penalties in this case.

4. Failure of counsel to object to Probation Officer's calculation of drug quantity used to determine Base offense level.

The factual resume contained information of the defendant's conduct. Where Ms. Janicek was under the impression that she had agreed to accept responsibility for one ounce of Methamphetamine, however, the Pre-sentence report had depicted a sellable mixture of 3.3 kilograms of Methamphetamine.

Doc.[2] 1 at 7-8.

III.

Applicable Standards of Review

A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

---

[2]The "Doc. __" reference is to the number of the item on the docket in this civil action.

6

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before

7

examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

A convicted defendant must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. Strickland, 466 U.S. at 690. And, to show that deficient performance caused prejudice, movant

must show that but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694. Mere conclusory allegations are insufficient to raise a constitutional issue. Green v. Johnson, 160 F.3d 1029, 1042 (5th Cir. 1998).

As respondent notes, attached to the motion is a memorandum of points and authorities that does not discuss the grounds in the same order as set forth in the motion. In fact, the memorandum does not appear to address the second ground of the motion at all. That ground alleges that movant's counsel failed to advise her of the insufficiency of the charging instrument. But the information charges the offense in the words of the statute and apprises movant of the elements of the offense. See United States v. Gordon, 780 F.2d 1165, 1170-71 (5th Cir. 1986). Counsel cannot have been ineffective for failing to raise a meritless ground. United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999).

Movant urges in her third ground that her counsel was ineffective in failing to investigate and present mitigating circumstances, such as her mother's passing, her upbringing, or any mental health illnesses. She simply cites to Wiggins v. Smith, 539 U.S. 510 (2003), but does not provide any facts to compare her case to that one. Her conclusory allegations are

insufficient raise any issue as to ineffectiveness. The court notes, in any event, that information regarding all of these things is set forth in the PSR. CR Doc. 133 at 13-17, ¶¶ 53-83.

In her fourth ground, movant urges that her attorney was ineffective for failing to challenge the 3.3 kilogram drug quantity. She simply states that she "was under the impression" that she had agreed to accept responsibility for one ounce of methamphetamine. Doc. 1 at 19. However, she testified under oath that she understood that the court would determine her guideline range and impose a sentence based on all the evidence and that the court was not bound by the stipulated facts and might take into account facts not mentioned in the stipulated facts. CR Doc. 192 at 18-21. Movant acknowledged that if she received a sentence more severe than she had hoped, she would still be bound by her plea. Id. at 41-42. Movant's solemn declarations in open court carry a strong presumption of verity that her conclusory allegations here are insufficient to overcome. Blackledge v. Allison, 431 U.S. 63, 74 (1977); United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). In particular, movant has not shown, much less made any attempt to show, that the information in the PSR regarding the drugs she sold was materially untrue. United States v. Valencia, 44 F.3d 269, 274 (5th Cir. 1995).

Movant has not shown that any of these grounds, her second through the fourth, has merit. She has, however, potentially alleged a valid ground by first urging that she requested her attorney to file a direct appeal and he failed to do so. The exhibits that movant attached to the motion include a letter where Smythe reminds movant that they had discussed and agreed that if the court sustained her objections to the PSR she would not appeal. Doc. 1 at 28 (Page ID 123). Thus, it does not appear that this ground has merit. Nevertheless, the court has decided that the court should conduct a hearing so that movant will have an opportunity to offer any evidence she might have in support of that ground. A separate order scheduling the hearing and appointing an attorney to represent movant in connection with the hearing is being issued.

V.

Order

For the reasons stated herein,

The court ORDERS that all relief sought by movant in Ground Two, Ground Three, and Ground Four of the motion under 28 U.S.C. § 2255 be, and is hereby, denied, and that a hearing is to be conducted as to the relief sought by movant pursuant to Ground

One of such motion.

SIGNED March 6, 2018.

/s/ John McBryde
JOHN McBRYDE
United States District Judge